Steven Scott KILDEA, et al., Plaintiffs,

v.

**ELECTRO WIRE PRODUCTS, INC., Defendant.**

No. Civ.A. 90–40126.

United States District Court, E.D. Michigan, Southern Division.

Aug. 12, 1999.

Patrick J. Marutiak, Owosso, MI, for plaintiffs.

Francis J. Newton, Jr., Berry, Moorman, Detroit, MI, for defendant.

***MEMORANDUM OPINION AND OR-
DER DENYING PLAINTIFFS' MO-
TION TO AMEND AND TO MAKE
FURTHER FINDINGS OF FACT
PURSUANT TO FED.R.CIV.P. 52(b)
AND TO ALTER OR AMEND
JUDGMENT PURSUANT TO FED.
R.CIV.P. 59(e), AND DENYING
CROSS–MOTIONS FOR ATTOR-
NEY FEES***

GADOLA, District Judge.

On May 13, 1998, the Sixth Circuit entered an order remanding this matter to this court. *See Kildea v. Electro–Wire Prod., Inc.*, 144 F.3d 400 (6th Cir.1998).

The order directs this court to determine whether defendant's violation of the notice requirement of § 2102(a)(1) of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq.* (the "WARN Act"), was the result of action taken in good faith. The Sixth Circuit also held that if defendant acted in good faith, this court may, in its discretion, reduce the amount of damages awarded to plaintiffs pursuant to § 2104(a)(4) of the WARN Act.

On November 9, 1998, this court held a status conference between the parties at which time the parties agreed to submit briefs and oral argument solely with regard to the issue of whether defendant acted in good faith. The parties agreed that this court could address the issue of the actual amount of any reduction in damages after making a determination on the issue of good faith.

After a thorough consideration of written and oral submissions from both parties, this court entered a memorandum opinion and order on February 26, 1999 finding that defendant's violation of the notice requirement of the WARN Act in this case was the result of actions taken in good faith.

Subsequent to the February 26, 1999 memorandum opinion and order, the parties submitted further briefs on the issue of whether defendant was entitled to a reduction in damages pursuant to 29 U.S.C. § 2104(a)(4). Upon a thorough consideration of those supplemental briefs, this court found that defendant was, in fact, entitled to a complete reduction in damages pursuant to § 2104(a)(4) of the WARN Act. Accordingly, on June 14, 1999, this court entered an order vacating the damage award in this case.

Subsequent to the entry of the June 14, 1999 order, the parties filed the following motions:

1. Plaintiffs' motion to amend and to make further findings of fact pursuant to Fed.R.Civ.P. 52(b) and to al-

ter or amend judgment pursuant to Fed.R.Civ.P. 59(e); and

2. Cross-motions for attorney fees pursuant to § 2104(a)(6) of the WARN Act.

For the reasons set forth below, this court will deny each of these motions.

**Factual Background**

Plaintiffs are a class of former employees of defendant, Electro–Wire Products, Inc., who were employed at defendant's facility in Owosso, Michigan. The Owosso plant manufactured electrical wiring harnesses which it sold to automotive manufacturers. In the fall/winter of 1989, due to various declining production needs, plaintiffs were laid off. The plaintiffs were put on indefinite leave; however, due to past practice at the plant, plaintiffs believed they would eventually be recalled.

During late 1989, the Owosso plant began having more difficulties, and no new work was being scheduled for the 1991 automotive year. Although defendant attempted to obtain other business, it was unable to do so. Accordingly, defendant began to consider closing the Owosso plant. Defendant did not communicate this consideration, however, to the work force or management at the Owosso facility. In January of 1990, the decision to close the plant was finalized, and defendant then informed the management at the plant that the Owosso facility would be permanently shut down on April 2, 1990.

At that time, defendant suspected that it had obligations under the WARN Act to notify certain of its employees. Accordingly, Richard Lauer, an attorney employed by defendant, was charged with the responsibility of insuring that the company complied with its obligations under the

WARN Act. In that capacity, Lauer reviewed the Act itself, as well as other information pertaining to the Act. After reviewing what he took to be the relevant information, Lauer advised that defendant give written and oral notice to all "active" employees. Accordingly, on January 31, 1990, defendant gave such notice to all active employees and seven additional employees on a leave of absence.[1] Defendant also notified the Governor's office and the City of Owosso, as required by the WARN Act. Defendant did not, however, provide notice of any kind to the plaintiffs in this case. Plaintiffs then filed suit against defendant, contending that they should have been given notice of the impending shutdown as well.

This court held a bench trial in this matter and determined that plaintiffs should have been notified of the impending shutdown, as they were "affected employees" under the WARN Act.[2] This court also held that defendant was not entitled to a reduction in damages for acting in good faith. This court's finding on the issue of good faith was based upon a determination that defendant's decision not to provide notice to plaintiffs in this case was objectively unreasonable.

Defendant subsequently appealed this court's decision. On appeal, the Sixth Circuit affirmed this court's finding that plaintiffs were entitled to notice under the WARN Act. The Sixth Circuit reversed this court's determination, however, that defendant's failure to give notice was unreasonable. The court then remanded the case to this court for a determination of whether defendant acted in good faith. The court further indicated that this court may, in its discretion, reduce defendant's

---

1. The parties do not dispute that the notice provided to the active employees at the Owosso plant was sufficient to satisfy the requirements set forth under the WARN Act.

2. Specifically, this court found that all of the laidoff hourly employees who retained their seniority rights as of January 31, 1990, had a reasonable expectation of recall, and there-

fore, were entitled to receive the notice required under the WARN Act. Further, this court found that salaried employees, whose layoff had not exceeded, as of January 31, 1990, the lesser of twelve months or the length of their employment with defendant up until the commencement of their layoff, were entitled to receive notice as well.

damages pursuant to § 2104(a)(4) of the WARN Act.

On February 26, 1999, after considering written and oral submissions from both parties, this court entered a memorandum opinion and order finding that defendant's violation of the notice requirement of § 2102(a)(1) of the WARN Act was the result of action taken in good faith. Specifically, this court found that defendant consulted with an attorney in an attempt to determine its potential obligations under the WARN Act, in addition to notifying all active employees at the plant, the Governor's office and the City of Owosso. As a result, this court found that defendant subjectively intended to comply with the provisions of the WARN Act, and made an objectively reasonable, good faith effort to do so.

Next, the court considered the question of whether defendant was entitled to a reduction in damages pursuant to 29 U.S.C. § 2104(a)(4). The parties each submitted supplemental briefs on the issue. On June 14, 1999, after a thorough review of the supplemental briefs and the evidence in the record, this court entered an order holding that defendant was entitled to a complete reduction in damages pursuant to § 2104(a)(4). This court began by noting that the appropriate level of damages should be considered from the standpoint both of the need to compensate the aggrieved parties and the need to punish the defendant in an effort to deter future misconduct. This court then went on to find that plaintiff had established no actual injury which would justify an award of damages, and that defendant had not acted with culpability sufficient to justify an award of damages aimed at punishing wrongful conduct. Under those circumstances, this court held that defendant was entitled to a complete reduction in damages in this case pursuant to § 2104(a)(4).

Subsequent to the June 14, 1999 memorandum opinion and order, the parties filed a number of motions. Plaintiff first filed a motion to amend and to make further findings of fact and/or to alter or amend judgment, essentially claiming that this court erred in determining that defendant was entitled to a complete reduction in damages. In addition, the parties each filed a motion for attorney fees pursuant to § 2104(a)(6).

**Discussion**

1. **Plaintiffs' motion to amend and to make further findings of fact pursuant to Fed.R.Civ.P. 52(b) and to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e);**

In support of this motion, plaintiffs make essentially two types of arguments. First, plaintiffs argue that this court misapplied the burden of proof with respect to the question of whether defendant is entitled to a complete reduction in damages. Relying on *Washington v. Aircap Indus., Inc.*, 860 F.Supp. 307 (D.S.C.1994), plaintiffs contend that defendant has the burden of proof on its mitigation defense. Plaintiffs argue that this court erroneously placed the burden of proof upon plaintiffs to produce evidence of actual damages in this case. Plaintiffs assert that, rather than requiring plaintiffs to prove their damages, this court should have required defendant to prove that plaintiffs received actual notice of the plant closing to establish that plaintiffs had suffered no damages.

This court rejects plaintiffs' first argument for two reasons. First, while the *Washington* court did hold that the employer "bears the burden of proof as to this mitigation defense [codified in § 2104(a)(4) of the WARN Act]," (*Id.* at 315), the court's holding was limited to the burden of proof with respect to the questions of whether the WARN Act violation was in good faith and whether the employer had reasonable grounds for believing that the act or omission was not a violation of the WARN Act. The *Washington* court never reached the question of which party bears the burden of proof with respect to the amount of any reduction in damages because the *Washington* court found that

the employer had not met its burden in that case to establish it was entitled to invoke the "good faith" defense set forth in § 2104(a)(4).

In this case, the Sixth Circuit specifically held that defendant met its burden to establish that it had reasonable grounds for believing that the acts and omissions giving rise to the WARN Act violation in this case were not actually a violation. Subsequently, in the February 26, 1999 order, this court explicitly held that defendant had met its burden to establish that the acts and omissions giving rise to the WARN Act violation in this case were taken in good faith. Accordingly, defendant has satisfied the only burden set forth in *Washington,* and plaintiffs' reliance on *Washington* is misplaced.

Moreover, even if this court were to accept plaintiffs' argument that defendant bears the burden of proof with respect to the ultimate question of the appropriate level of damages in light of the "good faith" defense, this court would nonetheless find that defendant has met its burden to establish that a complete reduction of damages is appropriate in this case. This court's June 14, 1999 order provides, in pertinent part:

> Defendant has produced evidence in this case which suggests that, despite the fact that defendant did not comply with its obligations under the WARN Act with respect to these plaintiffs, plaintiffs had ample access to the information that the plant was closing. Specifically, defendant points out that it notified all active employees, the Governor's office and the City of Owosso. Defendant also cites two extensive articles that appeared in two separate local newspapers within days after the closing announcement was made. Defendant further notes that the Governor's office instituted a worker readjustment program which operated out of defendant's facility even prior to the plant closing. Given these circumstances, and given that Owosso is a small town, defendant argues that these plaintiffs were aware of the plant closing at a very early stage

> regardless of the fact that defendant had not notified them directly. *Against this evidence, plaintiffs have produced no evidence or argument sufficient to establish that any plaintiff was deprived of actual notice of the plant closing in such a way that actual damages resulted.* Accordingly, this court finds that damages would not be appropriate in this case to compensate the plaintiffs who did not receive notification directly from defendant regarding the impending plant closing.

(June 14, 1999 Mem.Op. and Or. at 6–7 (emphasis added).) As clearly set forth in the June 14, 1999 order, defendant did produce evidence which strongly suggests that plaintiffs did not suffer any actual damages from defendant's failure to give proper notice under the WARN Act. Against that evidence, plaintiff did not produce any specific evidence which would suggest that actual damages did, in fact, result. Accordingly, even if this court were to accept plaintiffs' argument that defendant has the burden of proof on this point, this court would nonetheless find that defendant has satisfied its burden on the facts of this case. Therefore, this court rejects plaintiffs' first argument.

The second argument offered by plaintiffs is that this court improperly considered evidence of events occurring *after* the WARN Act violation in this case in determining whether and to what extent defendant should be entitled to a reduction of damages pursuant to § 2104(a)(4). Defendant cites *Jones v. Kayser–Roth Hosiery, Inc.,* 748 F.Supp. 1276 (E.D.Tenn.1990), in which the court held:

> The undersigned finds that the defendant's conduct *after* the violation is not relevant to the determination of good faith contemplated by the statute. The pertinent inquiry in deciding whether to exercise the court's discretion in favor of reducing the defendant's liability is the defendant's conduct *prior* to the notice; i.e., whether the act or omission which violated this chapter was in good faith

and whether the employer reasonably believed that the act or omission was not a violation of [the WARN Act].

*Id.* at 1291 (emphasis in original). Plaintiffs argue that, considering only the evidence of events occurring prior to the violation in this case, there is insufficient evidence to establish that defendant is entitled to a reduction in liability pursuant to the "good faith" defense.

This court rejects plaintiffs' second argument. In the February 26, 1999 order, this court found that defendant subjectively intended to comply with the provisions of the WARN Act, and made a good faith effort to do so. This court relied primarily on the fact that the defendant consulted with its attorney for the explicit purpose of determining its obligations under the WARN Act. Defendant also made the decision to give WARN Act notice to all active employees at the Owosso plant. This consultation and the subsequent decision to give notice to the active employees occurred *prior* to the acts/omissions giving rise to the WARN Act violation in this case, that is, the failure to give notice to plaintiffs. This court also noted that defendant complied with all other notice requirements under the Act. The decision to comply with these requirements also resulted from defendant's consultation with its legal counsel, and also occurred prior to the acts/omissions giving rise to the WARN Act violation in this case. Accordingly, this court finds that, in view of the events occurring *prior* to the acts/omissions giving rise to the WARN Act violation in this case, defendant has established that it is entitled to a complete reduction in damages pursuant to § 2104(a)(4) of the WARN Act. Therefore, this court rejects plaintiffs' second argument.

This court also notes that in addition to the arguments set forth above, plaintiffs make a number of claims which essentially amount to an argument that this court failed to take into account certain evidence which, if considered, would allegedly establish that defendant is not entitled to a complete reduction of damages pursuant to the "good faith" defense. Upon a thorough review of the evidence in this case, including the evidence to which plaintiffs refer in this motion, and for the reasons set forth both in this order and the court's prior orders, this court finds that the evidence in this case establishes that defendant is entitled to a complete reduction in damages under § 2104(a)(4) of the WARN Act.

Accordingly, this court finds no basis for amending or making further findings of fact, or for altering or amending the judgment in this case. Accordingly, this court will deny plaintiff's motion brought pursuant to Fed.R.Civ.P. 52(b) and 59(e).

**2. Cross-motions for attorney fees pursuant to § 2104(a)(6) of the WARN Act.**

██ Both parties have filed motions for attorney fees pursuant to § 2104(a)(6), which provides, in pertinent part:

In any ... suit [under the WARN Act], the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs.

29 U.S.C. § 2104(a)(6). The bulk of the arguments submitted by the parties relate to the issue of which party is the "prevailing party" in this case. Plaintiffs contend that they are the prevailing parties because this court has declared that defendant did, in fact, violate the notice provisions of the WARN Act, despite the fact that this court has subsequently determined that defendant is entitled to a complete reduction in damages. Defendant, on the other hand, contends that it is the prevailing party because no relief was granted to the plaintiffs.

Under the circumstances of this case, this court finds, in its discretion, that neither party is entitled to attorney's fees. Plaintiffs have established that defendant violated the WARN Act, and accordingly, the action brought by plaintiffs is not frivolous, unreasonable, or without foundation. Therefore, defendant is not entitled to attorney fees in this case. *See Solberg v. Inline Corp.,* 740 F.Supp. 680, 687

(D.Minn.1990) (denying attorneys' fees to defendant where plaintiffs' claims under the WARN Act were not "frivolous, unreasonable, or without foundation"). On the other hand, defendant has established that it is entitled to a complete reduction in damages pursuant to § 2104(a)(4). Therefore, plaintiffs are not "prevailing parties" under the WARN Act. *See United Automobile Aerospace & Agricultural Implement Workers v. Shadyside Stamping Corp.*, 947 F.2d 946 (table), 1991 WL 230841, at *3 (6th Cir. Nov.8, 1991) (holding that plaintiff Union, which had obtained no relief in damages, "cannot be considered a prevailing party"). Under those circumstances, plaintiffs are likewise not entitled to attorney's fees under § 2104(a)(6) of the WARN Act.

As a result, for the reasons set forth above, this court will deny both motions for attorney's fees pursuant to § 2104(a)(6) of the WARN Act.

Therefore, this court having reviewed the submissions of the parties and being fully advised in the premises,

**IT IS HEREBY ORDERED** that plaintiffs' motion to amend and to make further findings of fact and/or to alter and amend judgment is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiffs' motion for attorney's fees is **DENIED.**

**IT IS FURTHER ORDERED** that defendant's motion for attorney fees is **DENIED.**

**SO ORDERED.**